Suit to adjudicate title to real property. — Plaintiffs claim ownership of some 50 acres of land in McCreary County, Kentucky, which they contend is illegally held by the Forest Service Division of the Department of Agriculture, which agency claims right of possession by virtue of a deed executed in 1936. Plaintiffs allege that they have a superior title to that of defendant by virtue of a recorded deed dated October 13, 1876. On December 13, 1972 the court issued the following order:
This case comes before the court on plaintiffs’ petition and defendant’s motion, filed May 19, 1972, to dismiss or for summary judgment. Upon consideration thereof, together with the opposition thereto, without oral argument, it appears that the case is an action to adjudicate a disputed title to real estate in which the United States claims an interest. After the date of defendant’s motion the Congress enacted P.L. 92-562, 86 Stat. 1176, approved October 25,1972, which gives the consent of the United States to such suits and provides that they must be brought in the U.S. District Court of the district where the land lies. The new law does not apply to actions which may be or could have been brought under 28 U.S.C. § 1491, but defendant in its motion denies that the instant case is such a one. The court is of the view that if plaintiffs ever had a claim under 28 U.S.C. § 1491, that claim accrued in 1936 and is long barred by the statute of limita *740 tions. [See Soriano v. United States, 352 U.S. 270 (1957), and Japanese War Notes Claimants Ass’n. v. United States, 178 Ct. Cl. 630, 373 F. 2d 356, cert. denied, 389 U.S. 971 (1967).]
it is therefore ordered that decision on defendant’s motion is suspended for 60 days from the date of this order, during which time either party may move for transfer of this case to a United States District Court, {cf. 28 U.S.C. § 1506) or retransfer thereto, or for dismissal without prejudice to the filing of a new suit therein.
On March 26,1973 plaintiffs moved to transfer the case to the United States District Court for the Eastern District of Kentucky. On March 30, 1973, by order, the court granted plaintiffs’ motion and pursuant to 28 U.S.C. § 1506 transferred the case to the said district court.